Ck # 128485

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2020 JUL 29 A 11: 13
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LEAF CAPITAL FUNDING, LLC ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:20-cv-538 |
| ) | |
| TUSKEGEE UNIVERSITY, ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff LEAF Capital Funding, LLC ("LEAF" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant Tuskegee University ("Tuskegee" or "Defendant") and states as follows:

### Parties

1. LEAF is a limited liability company under the laws of the State of Delaware, with one member, Leaf Commercial Capital, Inc., a corporation formed and existing under the laws of the State of Delaware. LEAF's principal place of business is located in Philadelphia, PA. LEAF has registered as a foreign corporation to do business in the State of Alabama.

2. Tuskegee is a private institution of higher learning located in Tuskegee, Alabama, with its place of business in Macon County, Alabama.

### Jurisdiction and Venue

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §

1332. There is diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## Facts

5. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

6. LEAF finances and leases equipment and software from vendors to businesses across the United States. In particular, LEAF does this by lending funds for the acquisition of the equipment and software.

7. Berney Office Solutions ("Berney") is a Xerox Company that is a vendor of, among other things, software.

8. Tuskegee sought to lease and eventually purchase DocuWare Cloud Base Enterprise II software (the "cloud software") from LEAF. Berney sold the software to LEAF, which then supplied it to Tuskegee.

9. LEAF paid Berney $93,906.87 for the cloud software that it would supply to Tuskegee under the written, non-cancellable lease agreement between LEAF and Tuskegee. A true and correct copy of the payment confirmation is attached hereto as **Exhibit A.**"

10. Tuskegee's Chief Operating Officer Dr. Charles Smith was the

representative of Tuskegee who represented it throughout Tuskegee's efforts to contract for a software lease.

11. Dr. Smith dealt directly with Berney in contracting for the cloud software. Since Tuskegee did not want to pay a lump sum for the cloud software, it contracted with LEAF to provide financing. At no time did Dr. Smith or any representative of Tuskegee disclose that its COO would not have authority to enter into this kind of contract and LEAF had an objectively reasonable basis for believing that Tuskegee's COO had the authority he appeared to have throughout the negotiating and contracting process.

12. During all the events that took place in negotiating and reaching an agreement, Dr. Smith continued to represent Tuskegee, including executing on its behalf the written, non-cancellable lease agreement (the "Lease). A true and correct copy of the Lease is attached hereto as **Exhibit "B."**

13. Based upon his title and his activities in the negotiations, LEAF reasonably believed that Dr. Smith had full contracting authority and had entered into contracts and leases on behalf of Tuskegee as COO.

14. On or about April 10, 2019, Tuskegee accepted delivery of the leased equipment pursuant to the Lease. A true and correct copy of the Delivery and Acceptance Certificate is attached hereto as **Exhibit "C."** No indication was given that Dr. Smith lacked authority or that Tuskegee would refuse to pay under the

Lease.

15.     Pursuant to the Lease, Tuskegee was obligated to remit monthly payments of $3,009 to LEAF each month for 36 consecutive months, for a total cost of $108,324.

16.     Due to an increase in the upfront tax, the monthly payments were increased from $3,009 to $3,309 pursuant to an addendum to the Lease dated April 26, 2019. LEAF emailed Tuskegee a letter confirming this amendment. A true and correct copy of the letter is attached hereto as **Exhibit "D."**

17.     On or about April 26, 2019, Dr. Smith signed the addendum. A true and correct copy of the letter is attached hereto as **Exhibit "E."** No indication was given that Dr. Smith lacked authority or that Tuskegee would repudiate the Lease.

18.     Tuskegee's first payment to LEAF was due May 25, 2019.

19.     Tuskegee never paid LEAF.

20.     Events of default have occurred and are continuing under the Lease, including without limitation, Tuskegee's failure to pay all amounts due plus taxes and interest.

21.     As of April 29, 2020, Tuskegee owes LEAF $39,718.80 in past due payments and $77,035.96 in remaining payments, plus the current late charges of $4,422.00. These figures do not account for taxes or interest.

22.     Tuskegee is obligated to pay LEAF all costs it incurs in enforcing its

rights in collecting the outstanding indebtedness under the Lease, including but not limited to attorneys' fees, costs of collection, and court costs.

### COUNT I – BREACH OF CONTRACT

23. LEAF incorporates by reference the allegations set forth above as if set forth fully herein.

24. LEAF and Tuskegee entered into a valid and binding contract in the form of the Lease.

25. LEAF fulfilled its contractual obligations owed to Tuskegee. .

26. Tuskegee breached the Lease and addendum to the Lease with LEAF by failing to timely pay any amounts due thereunder.

27. As a direct and proximate result of the breach, LEAF has been damaged.

28. Under the Lease, Tuskegee agreed to pay interest of 1.5% per month if payment is not received within thirty days. Tuskegee also agreed to pay a late charge of 10% of the amount past due.

29. The Lease also permits LEAF to recover the attorneys' fees it incurs in this collection action.

30. Accordingly, LEAF demands judgment against Tuskegee for breach of contract under the Lease and Lease addendum, in an amount not less than $121,314.26.

4832-0793-1842

**WHEREFORE,** LEAF hereby demands judgment against Tuskegee for an aware of actual and compensatory damages, pre-judgment and post-judgment interest, without limitation, and all attorneys' fees and court costs incurred by LEAF in enforcing its rights, and all other legal and equitable relief the Court deems proper and just.

                                          Respectfully Submitted,

                                          */s/ Pat Clotfelter*
                                          PAT CLOTFELTER
                                          DAISY KARLSON
                                          Attorneys for LEAF Capital Funding, LLC

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
420 20th Street North
1400 Shipt Tower
Birmingham, Alabama 35203
Telephone 205.250.8315
pclotfelter@bakerdonelson.com
dkarlson@bakerdonelson.com

## DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

Tuskegee University
c/o Patrick W. Mardis
1200 W. Montgomery Road, 516 University Avenue
Tuskegee, AL 36088