IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LEAF CAPITAL FUNDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO.: 3:20-cv-538-ECM |
| | ) | (WO) |
| TUSKEGEE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.    INTRODUCTION**

The Plaintiff, LEAF Capital Funding, LLC ("LEAF"), brought this breach of contract claim on July 29, 2020 against the Defendant, Tuskegee University. (Doc. 1). Attached to the complaint was the alleged lease contract, which contains a forum selection clause and jury trial waiver. (Doc. 1-2 at 2). Tuskegee University included a demand for jury trial in its answer, (doc. 6 at 1), but the Parties requested a bench trial in their joint Fed. R. Civ. P. 26(f) Report of Parties' Planning Meeting, (doc. 12 at 5). Consequently, on October 8, 2020, the Court requested briefing from the Parties regarding:

(1) Whether the jury demand (doc. 6) should be struck in light of the parties' representation in the Rule 26(f) report and the choice of law provision contained in the lease agreement (doc. 1-2 at 2); and
(2) Whether the forum should be transferred in light of the choice of law provision contained in the lease agreement (doc. 1-2 at 2).

(Doc. 13). The Parties were given the opportunity to file briefing on the issues of forum selection and jury trial waiver, and they timely filed their responses to the October 8, 2020 Order. (Docs. 14 and 15).

For the following reasons, the Court finds that it has jurisdiction over the suit, and that this Court is an appropriate forum. However, the Court reserves ruling on the validity of the contract and thus, whether the Parties are bound by the jury trial waiver.

## II.   BACKGROUND

The underlying dispute in this case is a breach of contract claim brought by LEAF against Tuskegee University. LEAF is a registered limited liability company ("LLC") in Delaware, and its principal place of business is Philadelphia, Pennsylvania. LEAF is a lending company which finances and leases equipment and software from vendors across the United States. Tuskegee University is a private institution of higher learning with its principal place of business in Macon County, Alabama.

According to LEAF, Tuskegee University entered into a written, non-cancellable lease agreement ("the Lease") with LEAF. LEAF claims that the Chief Operating Officer ("COO") of Tuskegee University, Dr. Charles Smith ("Dr. Smith"), contracted with LEAF to provide financing for cloud software. As a result, LEAF paid $93,906.87 for cloud software from a separate vendor, which was delivered to Tuskegee University on April 10, 2019. LEAF claims that Tuskegee University then accepted the delivery and gave no indication at any point that Dr. Smith lacked the authority to enter the contract or that the university would refuse to pay for the Lease. Pursuant to the Lease and an additional addendum signed by Dr. Smith, Tuskegee University owed monthly payments of $3,309

to LEAF each month for 36 consecutive months.  The Lease payments were scheduled to begin on May 25, 2019, but Tuskegee University failed to pay.  LEAF argues, "[a]s of April 29, 2020, Tuskegee owes LEAF $39,718.80 in past due payments and $77,035.96 in remaining payments, plus the current late charges of $4,422.00. These figures do not account for taxes or interest." (Doc. 1 at 4).

For its part, Tuskegee University denies ever having had a contractual relationship with LEAF. (Doc. 6 at 5).  Tuskegee University argues that Dr. Smith was not authorized to enter into a contract on behalf of the university, and there was no direct, apparent, or implied authority given by the university for the signing of the Lease.

The Lease in question was drafted by LEAF for Tuskegee University. (Doc. 1-2 at 2).  The Lease reads, "CHOICE OF LAW: THIS LEASE WILL BE GOVERNED BY PENNSYLVANIA LAW. YOU CONSENT TO JURISDICTION IN THE STATE OR FEDERAL COURTS OF PENNSYLVANIA AND WAIVE ANY RIGHT TO A TRIAL BY JURY."  Under "ACCEPTED LESSEE," the contract reads, "Tuskegee University."  Above the signature line reading "Lessee Authorized Signature" is the signature of "Charles Smith."  Next to "Title," Dr. Smith wrote "COO."

The complaint alleges an amount in controversy of not less than $121,314.26. (Doc. 1 at 1–2).

### III.   JURISDICTION

The Court exercises federal subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1332.  The Parties are diverse, and the requisite amount in controversy exceeds the statutory requirement of $75,000.

Personal jurisdiction and venue are uncontested.

## IV.   DISCUSSION

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This Court has an independent obligation to examine its own jurisdiction throughout each stage of the proceedings, even if the Parties themselves do not dispute jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990). Furthermore, "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). To that end, the Court considers first whether it is an appropriate forum for this suit before turning to the jury trial waiver provision.

### A.  The Forum Selection Clause

The Court has personal jurisdiction over Tuskegee University because it is an Alabama organization operating within the Middle District of Alabama. However, the Lease in question contains a forum selection clause. In the Eleventh Circuit, "[a] forum selection clause can either be mandatory or permissive. A mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents to jurisdiction in the designated forum and does not foreclose litigation in an alternative forum."[1] *Cardoso v. Coelho*, 596 F. App'x 884, 885–86 (11th Cir. 2015); *see also Citro Fla., Inc. v. Citrovale, S.A.*, 750 F.2d 1231, 1232 (11th Cir. 1985) (finding a distinction between "mere 'consent to jurisdiction' clauses and 'mandatory' clauses").

---

[1] While the Court recognizes that *Cardoso v. Coelho* is an unpublished opinion, the Court finds the principles stated in *Cardoso* persuasive.

For example, when a contract clause contained the word "shall," the Eleventh Circuit found that jurisdiction was limited to a specific forum. *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).

So long as "a permissive reading does not render the clause meaningless," the court may find a valid permissive forum selection clause. *Coelho*, 596 F. App'x at 886. In another case, the Eleventh Circuit considered whether a forum selection clause was meaningless when it identified the County wherein the contract and the causes of action arose as a place of jurisdiction. *Fla. Polk Cty. v. Prison Health Servs., Inc.*, 170 F.3d 1081,1083–84 (11th Cir. 1999). The Circuit found that the forum selection clause was mandatory. If the clause were not mandatory, it would only be "surplusage" because the natural forum would already be in that County. *Id.* Therefore, a forum selection clause should not be read as meaningless.

Here, neither Party asserts that the Lease's forum selection clause is mandatory. Further, Tuskegee University asserts that the Lease is not valid, and thus the forum selection clause has no force. The Lease's forum selection clause identifies the State and Federal Courts of Pennsylvania as forums with jurisdiction to hear disputes about the lease when it reads, "YOU CONSENT TO JURISDICTION IN THE STATE OR FEDERAL COURTS OF PENNSYLVANIA." (Doc. 1-2 at 2). However, consent to jurisdiction in one state does not cut off jurisdiction elsewhere. Furthermore, the provision is not meaningless because it specially identifies Pennsylvania as a place of jurisdiction. If the Parties in this case did indeed form a contract, then LEAF and Tuskegee University have agreed to the jurisdiction of Pennsylvania courts, but they also have not excluded this Court

from having jurisdiction, either. The Court finds that this suit may remain in the Middle District of Alabama.

### B. Jury Trial Waiver

The Court now considers whether the choice of law provision in the Lease also includes a jury trial waiver. While the Seventh Amendment secures a right to civil jury trial, parties may waive that right. *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam). A valid waiver exists "so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 824 (11th Cir. 2006).

Here, LEAF believes that the Parties formed a valid and enforceable contract containing such a jury waiver. LEAF further points to Tuskegee University's representation in the Report of Parties' Planning Meeting that this case will proceed to bench trial as evidence of a waiver. But Tuskegee University argues that the reference to a "bench trial" was an oversight and that the jury demand in its answer is effective. The Court finds that the conflict between the jury demand in Tuskegee University's answer and the reference to a "bench trial" in the Report of Parties Planning Meeting is resolved by Tuskegee University's representation that the "bench trial" reference was an error and not a knowing waiver.

However, the question remains as to the effect of any jury trial waiver explicit in the underlying contract. Because any analysis of whether Tuskegee University knowingly and willingly signed the contract, and thus waived its right to a jury trial, would go to the merits of the suit, the Court will reserve ruling on the jury waiver provision of the Lease.

Whether or not the Parties are bound by the contract—and whether the jury waiver provision is valid—are questions for another day.

## V. CONCLUSION

Accordingly, it is ORDERED that the Court has jurisdiction and is an appropriate forum for this suit, but the Court will reserve ruling on the validity of the contract until a later date.

A separate Uniform Scheduling Order will be entered pursuant to Fed. R. Civ. P. 16.

DONE this 4th day of December, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE